UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ENOCH MAYFIELDS           :
                          :
    v.                    :    C.A. No. 14-327S
                          :
FAIR ISAAC CORPORATION,   :
et al.                    :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for report and recommendation (28 U.S.C. § 636(b)(1)(B)) are Defendant Equifax's Motion for Judgment on the Pleadings (Document No. 6) and Defendant Trans Union's Motion for Judgment on the Pleadings (Document No. 14). Neither Motion has been opposed by Plaintiff, and the time for doing so has passed as to each Motion. Plaintiff has also not sought any extensions of time to oppose such Motions. Accordingly, the Motions are unopposed, and both may be granted on that basis.

In addition to being unopposed, the Motions both convincingly argue that Plaintiff's Complaint fails to state any legally viable causes of action. Plaintiff commenced this litigation by filing a conclusory two-page pro se Complaint in State Court. The Complaint was removed to this Court on July 16, 2014.[1] Plaintiff sues four Defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). He fails to particularize his respective claims as to each named Defendant and fails to allege any specific facts supporting a plausible entitlement to relief. In addition, he fails to identify the specific sections of the FCRA allegedly violated by

---

[1] In addition to failing to file anything in response to these pending Motions, Plaintiff has failed to file anything or take any action at all as to this case since its removal and thus appears to have abandoned the litigation.

each Defendant.[2] Finally, as to Trans Union, Plaintiff purports to "preserve the rights to prosecute" claims against it for alleged misuse of his private credit information "around 1987 – 2001." (Document No. 1-1, ¶ B). Such claims are both conclusory and time barred. See 15 U.S.C. § 1681p.

Defendants Equifax and Trans Union move for judgment on the pleadings under Fed. R. Civ. P. 12(c). A motion under Rule 12(c) will "ordinarily warrant the same treatment" as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998); Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014) (noting that "standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)"). Thus, under Rule 12(c), the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a complaint need not contain detailed factual allegations in order to withstand dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted) see also Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013) ("conclusory allegations that

---

[2] Plaintiff's Complaint also contains allegations against an entity identified as "Teletrack" which is not named as a Defendant.

merely parrot the relevant legal standard are disregarded, as they are not entitled to the presumption of truth.").

"The complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief"). The Court of Appeals has cautioned that the "plausibility" requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010).

Moreover, "[t]he court's assessment of the pleadings is context-specific, requiring the court 'to draw on its judicial experience and common sense.'…Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief." Camilo v. Nieves, Civ. No. 10-2150 (DRD), 2013 WL 6632801, * 6 (D.P.R. Dec. 16, 2013) (quoting Iqbal, 556 U.S. at 680) (internal quotations and alterations omitted).

Applying this standard of review, Plaintiff's Complaint fails to allege facts supporting any plausible entitlement to relief under the FCRA. His Complaint is disorganized, vague and conclusory, and does not meet the applicable pleading requirements. In addition, as previously noted, Plaintiff has elected not to oppose these Motions and thus has not provided any further detail or explanation as to the factual and legal basis for his claims and has not sought leave to amend his Complaint to do so. He has effectively abandoned his claims. and his conclusory pro se Complaint

is too deficient to allow this case to proceed to discovery.

Accordingly, for the foregoing reasons, I recommend that Defendant Equifax's and Trans Union's unopposed Motions for Judgment on the Pleadings (Document Nos. 6 and 14) be GRANTED. Additionally, Plaintiff has not filed any proof of service as to Defendants Fair Isaac Corporation and Experian, and the period for effecting service has expired. Thus, pursuant to Rule 4(m), Fed. R. Civ. P., I also recommend that Plaintiff's claims against those Defendants be dismissed sua sponte and without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 22, 2014